[8 NYS3d 655]

In the Matter of JOHN JOSEPH LEONARD, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 27, 2015

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

*John Joseph Leonard*, Sag Harbor, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

The instant application is predicated upon an order of the Supreme Court of California filed on August 22, 2013, which found that the respondent intentionally, recklessly, or repeatedly failed to perform legal services with competence in willful violation of California Rules of Professional Conduct (hereinafter CRPC) rule 3-110 (A); failed to deposit $400 in funds received for the benefit of a client in a bank account labeled "Trust Account," "Client's Funds Account," or words of similar import in willful violation of CRPC rule 4-100 (A); misappropriated client funds in the amount of $400, in willful violation of California Business and Professions Code § 6106; and failed to comply with all the conditions of probation required by an order of the Supreme Court of California filed on July 22, 2011, in willful violation of California Business and Professions Code § 6068 (k).

In determining an appropriate measure of discipline, the California State Bar Court noted the following aggravating factors: the respondent's prior disciplinary history and evidence of multiple acts of misconduct. However, the California State Bar Court also considered the respondent's cooperation and willingness to enter into a stipulation at an early stage without the need for a trial to resolve the matter, and his agreement to make restitution to his client of the misappropriated funds ($400), together with one half of a flat-fee retainer ($250), as factors in mitigation. In light of the fact that the misappropriated funds emanated from the client's filing fees, in an amount that was deemed to be "small," the California State Bar Court recommended a two-year stayed suspension, and a two-year probation period with conditions, including a one-year actual suspension, restitution to the client, and a requirement that the respondent continue to seek treatment twice a month from

his treating therapist. The recommendation of the California State Bar Court was adopted by the Supreme Court of California by order filed on August 22, 2013. The respondent's one-year suspension in California commenced on September 21, 2013.

On or about January 15, 2014, the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a notice pursuant to 22 NYCRR 691.3, apprising him of his right to file, within 20 days of service upon him, a verified statement setting forth any of the defenses to the imposition of reciprocal discipline enumerated in section 691.3 (c). In response thereto, the respondent filed a verified statement objecting to the imposition of reciprocal discipline on the grounds that the imposition of discipline by this Court would be unjust, and he requested a hearing.

A hearing was held on July 8, 2014 before a Special Referee, at which the respondent appeared and testified in his own behalf.

Following the hearing, the Special Referee issued a report, in which he concluded that, based on the credible evidence adduced at the hearing, the respondent failed to establish that the imposition of discipline upon him in New York would be unjust. Notably, however, the Special Referee found that "the respondent has shown genuine remorse and has completed all the conditions required by the California State Supreme Court resulting with his being reinstated as an active member of the State Bar of California." The Grievance Committee now moves to confirm the report of the Special Referee, and to impose such discipline upon the respondent as the Court deems just and proper. The respondent cross-moves to confirm the report of the Special Referee, and to impose a suspension for a period of one year, nunc pro tunc to the date of his suspension in California.

Under the totality of circumstances, there is no impediment to the imposition of discipline at this juncture. Accordingly, the Grievance Committee's application to impose reciprocal discipline is granted, and the respondent is suspended from the practice of law in New York for a period of one year, nunc pro tunc to September 21, 2013, the effective date of the respondent's suspension from the practice of law in the State of California, with leave to apply for reinstatement immediately.

ENG, P.J., SKELOS, DILLON, BALKIN and LEVENTHAL, JJ., concur.

Ordered that the petitioner's application to impose reciprocal discipline pursuant to 22 NYCRR 691.3 is granted; and it is further,

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent's cross motion to confirm the Special Referee's report and to impose a suspension for a period of one year, nunc pro tunc to the date of his suspension in California, is granted; and it is further,

Ordered that the respondent, John Joseph Leonard, a suspended attorney, is suspended from the practice of law for a period of one year, nunc pro tunc to September 21, 2013, and continuing until further order of this Court, with leave to the respondent to apply for reinstatement immediately upon furnishing satisfactory proof that during said period he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (3), and (4) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, John Joseph Leonard, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, John Joseph Leonard, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).